By the Court :
The relation of principal and security, where the obligation itself imports a joint debt, is universally recognized by courts of justice, and parol proof admitted to establish its existence. In this case, therefore, the evidence was properly received unless the fact proved did not constitute a legal defense.
It is urged, for the plaintiff, that the execution of the bond created a joint duty which each obligor was bound to discharge, and the plaintiff, having been coerced to discharge it for them, has a remedy against each. But the conclusion does not follow the premises. When the plaintiff became special bail for Watkins, it was at the request of Watkins and for his benefit alone. The defendant had no beneficial interest in it. The undertaking was personal for Watkins, and the party making it can only look to him for compensation should he be prejudiced. He can acquire, through his connection with Watkins, no interest against third persons, which Watkins himself did not possess. Had Watkins been security, and Bing the principal, the payment of the dobt by Watkins would give him a legal right to demand it of Bing, and perhaps equity would, in such case, have permitted the bail to succeed to the right of Watkins and recover of Bing. This would *36 be no more than transferring to the bail the same rights which the principal would have had upon the payment of the money. But, in the case before us, if Smith is allowed to charge Bing, he acquires, upon a separate undertaking for Watkins, rights which Watkins did not possess. We know of no principle of contractor doctrine of equity which would warrant a result of this character.
The case of Exall v. Partridge, 8 D. & E. 308, cited and relied upon by the plaintiff’s counsel is not analogous to this. There all the parties subjected wore originally liable for the rent as principal lessees, and the subcontract between themselves could not change the nature of their liabilities to third persons. In this case, if the debt had, in its origin, been the *joint debt of Watkins and Bing, and so existed at the time the bond was given, and, by subsequent agreement between themselves, Watkins had assumed the payment of the whole, the cases would have borne Some resemblance to each other, though it might not then follow that the bail of Watkins could subject Bing. But the original liability of Bing being only that of security, is a material circumstance in respect to the analogy, and places the two cases on totally different grounds. In our opinion, the claim of the plaintiff to subject the defendant is supported by neither precedent nor principle; the motion for a new trial is consequently overruled. '